**In Re Anonymous No. 9 D.B. 84**

Disciplinary Board Docket No. 9 D.B. 84.

SCHWARTZMAN, *Chairman,* September 26, 1986—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, an attorney heretofore admitted to the practice of law in the Commonwealth of Pennsylvania, was suspended by order of the Supreme Court of Pennsylvania dated April 25, 1985 for a period of 30 months. The suspension became effective February 3, 1984 and therefore expired on August 3, 1986. On February 3, 1986, petitioner filed his petition for reinstatement with the Disciplinary Board. On February 4, 1986, the matter was referred to Disciplinary Hearing Committee [   ], consisting of [   ]. A hearing on this matter was held May 1, 1986. At the hearing petitioner was represented by [A], Esq., and [B], Esq. [C], Esq., Assistant Disciplinary Counsel, appeared for the Office of the Disciplinary Counsel. By its report filed July 18, 1986, the hearing committee recommended that petitioner's reinstatement to the practice of law be granted. No exceptions to the report of the hearing committee have been filed by either the Office of Disciplinary Counsel or petitioner. This matter came before the Disciplinary Board of the Supreme Court of Pennsylvania for adjudication on September 4, 1986. Based upon our review of the entire record in this proceeding, including the report, findings and recommendations of hearing committee [   ], this board recommends that the petition for reinstatement be granted.

## II. DISCUSSION

In order for petitioner to gain reinstatement to the practice of law, he has the burden of demonstrating by clear and convincing evidence, that he has both the moral qualifications and the competency and learning required for admission to practice in this Commonwealth. In addition, he has the burden of

demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive to the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

Petitioner was born December 23, 1944 and was admitted to the practice of law in the Commonwealth of Pennsylvania on November 19, 1969. He practiced law continuously in [   ] County until his suspension, which became effective February 3, 1984.

On December 16, 1983, petitioner, [   ], pleaded guilty in the United States District Court for the [   ] District of Pennsylvania to 10 counts of illegal receipt of fees for the representation of clients in Black Lung Benefit claims in violation of Title 33, U.S.C. 928(e).

Petitioner filed fee petitions collecting authorized fees from the Department of Labor, and also billed clients and collected unauthorized fees directly from them. This conviction formed the basis for petitioner's suspension.

The record in this case, and in particular the testimony elicited from petitioner himself and that given by Dr. [D], convinces this board (as well as the hearing committee) that petitioner should be allowed to resume the practice of law. We are impressed with the manner with which petitioner continued to remain active in civic endeavors while undergoing not only the embarrassment and humiliation of suspension, but also while undergoing an extremely unpleasant and devastating domestic involvement.

This board is further convinced that petitioner has done everything in his power not only to maintain what competency in the law he may have had

prior to his difficulties, but also to improve upon and broaden various other areas.

Petitioner maintained familiarity with the law through attendance at seminars and regular reading of legal periodicals.

At the hearing petitioner produced witnesses, several of whom were members of the legal community, who testified to the petitioner's fine moral character. Petitioner testified that he was painfully aware of the problems he had caused himself. He convinced the hearing committee, and in turn this board, that he would never again jeopardize himself or his profession.

Under the circumstances this board is convinced that petitioner has satisfied his burden of proof and is entitled to reinstatement.

## III. FINDINGS OF FACT

1. At the time of petitioner's disciplinary involvement, he was practicing law with his father, [E], Esq., in the [E] law offices in [ ], Pa.

2. Petitioner was suspended from the practice of law based on the findings of violations of Disciplinary Rules 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), 1-102(A)(6), 2-106(A)(6), and 7-101(A)(3) of the Code of Professional Responsibility.

3. These violations all arose as a result of having charged unapproved fees in Black Lung cases, a violation of 33 United States Code 928(e).

4. In addition to his suspension from the practice of law, petitioner was imprisoned for a period of four weeks at [F] Federal Prison in [ ], Pa.

5. At no time during or since the Supreme Court's order of suspension has petitioner practiced law in any jurisdiction.

6. Following his suspension, petitioner became involved in an extensive and time-consuming personal domestic matter culminating in a divorce. A custody proceeding followed and petitioner received custody of his three children on August 29, 1985. In addition petitioner received the marital residence, from which his wife has been excluded.

7. Throughout his suspension, petitioner has remained a director of his synagogue, has devoted much of his time to troubled children, has performed his court-ordered public service with the Red Cross and has served as a basketball coach to third and sixth-grade students.

8. Petitioner has repaid in full all unapproved fees arising out of the Black Lung litigation.

9. At the time of petitioner's involvement, the [E] firm consisted of eight attorneys. Since his suspension, the firm has dissolved. If reinstated, petitioner would practice with his father.

10. Since petitioner's suspension, he has worked for his father as a law clerk on a salary basis preparing motions, interrogatories, preliminary objections, briefs, agreements, and various other functions normally performed by law clerks.

11. Petitioner has exhibited remorse for his actions.

12. Petitioner has attempted to maintain his learning in the law by reviewing many legal periodicals and by his use of the law library in the [E] law offices.

13. Despite petitioner's suspension from the practice of the law, his reputation in the community has remained good as testified to by Dr. [G], a member of petitioner's congregation and by [H], a member of the Bar for the county of [   ], and by [I], another member of the Bar of the county of [   ] who

was also involved in the basketball coaching endeavors of petitioner.

## IV. CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania makes the following conclusions of law:

1. Petitioner has the moral qualifications for readmission to the practice of law in the Commonwealth of Pennsylvania.

2. Petitioner's resumption of the practice of law in the Commonwealth of Pennsylvania will not be detrimental to the integrity and standing of the bar, or the administration of justice, nor will it be subversive to the public interest.

3. Petitioner has the competency and learning in the law required for readmission to the practice of law in the Commonwealth of Pennsylvania.

4. Petitioner should be reinstated to the practice of law in the Commonwealth of Pennsylvania and should be readmitted to the bar of the Supreme Court of Pennsylvania.

## V. RECOMMENDATIONS

The Disciplinary Board recommends to the Supreme Court of Pennsylvania as follows:

1. That petitioner, [    ], be readmitted to the practice of law in the Commonwealth of Pennsylvania.

2. That petitioner, [    ], shall pay all costs of these proceedings.

Dr. Gilbert dissented and would recommend that the reinstatement be denied.

Ms. Heh did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this November 10, 1986, the recommendation of the Disciplinary Board dated

September 26, 1986, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.